**In re Donald E. MAST and Darlene E. Mast, t/a R and W Feed, Debtors.**

**W.E.B. HOMES, INC., Plaintiff,**

**v.**

**Donald E. MAST and Darlene E. Mast, t/a R and W Feed, Hamburg Savings and Trust Co.; the Beacon Milling Co., Inc., and Frederick L. Reigle, Trustee, Defendants.**

**Bankruptcy No. 82–01407 T.**
**Adv. No. 82–1701.**

United States Bankruptcy Court,
E.D. Pennsylvania.

October 2, 1984.

Bradley D. O'Brien, Reading, Pa., for Beacon Milling Co., Inc.

A. Joseph Antanavage, Hamburg, Pa., Linda K.M. Ludgate, Reading, Pa., for plaintiff.

Geoffrey L. Steiert, Philadelphia, Pa., for debtors.

Richard E. Fehling, Reading, Pa., for Hamburg Savings and Trust Co.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.[1]

In this adversary proceeding, the plaintiff has filed a "Complaint To Reclaim Property". The property in question is a modular house which the debtors-defendants purchased from the plaintiff well before they filed their Chapter 7 bankruptcy petition. The debtors and their children have been living in the modular house since well before the debtors filed bankruptcy. The debtors listed the house as an asset in their bankruptcy schedules, as well as listing their remaining debt to the plaintiff therefor in the schedules. It is undisputed that the fair market value of the modular house is considerably greater than the debt still owed from the debtors to the plaintiff for its purchase.

The plaintiff's complaint alleges that the house is the property of the plaintiff and requests that we order the debtors to "surrender possession" of it to the plaintiff. In support of its complaint, the plaintiff points to a post-sale and post-delivery written agreement between the plaintiff and the debtors which states that the plaintiff shall deliver to the debtors good title to the house upon payment in full to the plaintiff. The plaintiff further points out that the debtors did not make full payment and that "good title" has never been delivered to the debtors.

There are several shortcomings in the plaintiff's case, not the least of which being that, even if the house in question is considered to be a mobile home, as the plaintiff contends, the plaintiff admittedly has never had "good title" to the house itself in the form of a certificate of title or ownership. See the Pennsylvania Mobile Home Titling Act, 68 P.S. § 1001, et seq. (Purdon 1983).

However, apart from this, there is an even more fundamental flaw in the plaintiff's case. To begin with, we note that the plaintiff's complaint, which does not cite any provision of the Bankruptcy Code, is clearly neither a request for relief from the automatic stay under 11 U.S.C. § 362(d) nor a request for determination of secured status under 11 U.S.C. § 506(a). Rather, we must presume from the relief requested in the complaint—turnover of the house to the plaintiff—that the complaint is based upon the theory that the debtors had no legal or equitable interest in the modular house when they filed bankruptcy and that, therefore, no interest in the modular house ever became a part of the debtors' bankruptcy estate. 11 U.S.C. § 541(a). However, the plaintiff did not allege this in its complaint nor did it argue it at the hearing nor in its brief. Rather, the thrust of the plaintiff's argument is that the debtors' debt to it is secured by the house and that the plaintiff, therefore,

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as re-   quired by Rule 7052 of the Bankruptcy Rules.

is not merely an unsecured creditor of the debtors' bankruptcy estate, an issue which we cannot decide in the present proceeding. Furthermore, it is patently obvious, and apparently undisputed, that the debtors had an interest in the modular house within the meaning of 11 U.S.C. § 541(a)(1) when they filed bankruptcy, including a considerable equity interest (which they still have) vis-a-vis the plaintiff.

For the foregoing reasons, the relief requested in the plaintiff's complaint shall be denied.